Mr. Justice Cox
delivered the opinion of the Court:
In the case of Condon vs. Gray, a question of practice is raised on the right of appeal from an order of the Court below.
This was a bill filed for a sale of real estate to pay certain legacies. The property was sold, the sale reported and Jeremiah Dwyer, one of the parties to • the suit, who was in *331 possession of the particular property to which the present controversy relates, excepted, to the ratification of the sale. His exceptions were overruled and the sale was finally ratified. Thereupon the purchaser applied to the Court for an order upon Dwyer to deliver to him the possesion of the property sold, and an order was passed on the 1st of January last requiring Dwyer to show cause on or before the 31st of January, why he should not deliver possession of the property. The order was served on him on the 21st of January. He died, as far as I can .gather from the papers, on the 10th of February, without ever having filed an answer, and leaving his wife and some young children in possession of the house.
The purchaser then applied to the Court for an order upon the wife to deliver possession; and, after some proceedings unnecessary to mention, she filed her answer showing cause, and there was an absolute order upon her to deliver possession. From that order she appeals to this Court; and the purchaser moves to dismiss the appeal on the ground that it was not an appealable order.
We may, perhaps, be assisted in reaching a conclusion in the matter by considering first what would have been the attitude and rights of Jeremiah Dwyer himself if he had survived. When a chancery sale is confirmed and the terms are complied with, the purchaser has a right, as of course, to an order against the party in possession, if he is a party to the suit, or is holding under a party to the suit, to deliver possession to him. That order is ordinarily in the nisi form, because it might turn out that the defendant was holding under some title not adjudicated by the decree, as a lease originating before the institution of the suit or something of that kind; but, in the absence of that showing, the purchaser is entitled, as of course, to an absolute order for possession. That order is in the pature of an order for. the execution of the decree.
In the case McKomb vs. Kankey, found in the notes to *332 the first volume of Bland’s Chancery Reports, p. 363, Kilty, Chancellor, said: “The general power of the court of chancery to issue an injunction, directing possession to be delivered, is sanctioned by the practice in England and by (the Maryland) Acts of Assembly. The decree for possession and injunction is a process demandable of right, as much as an attachment or other execution, and ought not to be refused where the power is considered to exist. An application for possession in such cases is found on the general powers of the Court, and on the Act of 1785, chap. 72, sec. 25, which provides that the chancellor may cause by injunction the possession of the estate and effects demanded by the bill and petition, and whereof the possession or a sale is decreed to be delivered to the plaintiff or otherwise, according to the terms and import of such decree, and as the nature of the case may require. Under which last part of the clause the injunction may be modified to suit the particular case.” So that the order for possession is part of the process of executing the decree of sale. It was held in one or two cases which have been referred to in this Court that such an order is one upon which an appeal may not be prosecuted to the General Term. We do not feel called upon in this case to take as broad ground as that, because ,we can conceive circumstances under which it would be proper to sustain an appeal. If new matter arises after the decree of sale, which calls for a further adjudication by the Court below, it may be perfectly proper that an appeal from that adjudication, if adverse to the party in possession, should be allowed.
But this case is peculiar. Here the order ratifying the sale was appealed from by the party in possession of the property. He did not execute a supersedeas bond, but simply a bond for costs. Now, it cannot be allowed that after appealing from the order ratifying the sale, he can also appeal from the order for possession, passed to carry out that first order upon exactly the same ground on which he *333 appealed from the first order. In other words, he cannot appeal from a. judgment and at the same time appeal from the execution on the judgment. If there were new matters alleged, calling for a fresh decision by the Court below, it might be allowed; but, as I say, if he undertakes to appeal from a subsequent order which is merely carrying into execution the prior one, it must appear that he prosecutes that appeal on some new and distinct ground not covered by the original order; otherwise, it would be really appealing from a judgment, and then, failing to supersede, attempting to take the same advantage as if he had superseded, by appeal from the order of execution afterwards and executing a new bond. If he could do that, he- might delay still longer, wait until the order of possession was made absolute, and then, when the order for attachment was issued, appeal from that new order and give a supersedeas bond. That would make the right of appeal an obstruction to the execution of the process of the Court, and it would be totally and entirely unreasonable.
In this case the party in possession, who was a party to the suit, had full opportunity of showing some grounds against the making of the order for possession below. He had ten days during his life-time — in fact, twenty days, I may say — if I have the dates right; but he failed to show any cause at all why the conditional order nisi should not be made absolute. Since his death his widow has not shown any new matter on which he might have called for a new adjudication by the court below. She has shown cause which is personal to herself entirely, but none which would have been personal to Dwyer if he had lived; so that, as far as the case appears, there is nothing new since the order ratifying the sale which could be shown by him as cause against the final order for possession. Therefore, it appears upon the record that if Dwyer had lived, there must have been a final and unappealable order for possession as against him. Unless something new has been shown we *334 must assume that the only grounds on which he would have appealed, if he had lived, from the order for possession, would be the same grounds upon which he appealed from the order ratifying the sale; and that we have said cannot be done.
Is the state of the case changed by his death ? In other words, does his death put his family in any better position than he occupied himself? It seems to us it does not. Mrs. Dwyer might have shown, if the facts were so, that Dwyer’s interest in this property had been settled for her separate use and had not been adjudged to be sold by the decree. In that case, she would have been entitled to call on the Court below to decide upon her claim for possession, and if the decision had been adverse to her, she would have had the right to appeal. But she does not show any title whatever in herself. She admits that she is acting simply under her husband. The final order against her for possession is just the order that must have been rendered against her husband if he had lived; and, he having already appealed from the order ratifying the sale, and she having shown no new ground for further appeal, we do not think that final order for possession was an appealable order.

The appeal is, therefore, dismissed.